UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re:                                                                    Chapter 7

Carly Cushnie,                                                        Case No. 21-41279-ess

              Debtor.

-------------------------------------------------x

## NOTICE OF MOTION OF TRUSTEE FOR AN ORDER APPROVING THE SETTLEMENT BETWEEN THE TRUSTEE AND DEBTOR

      Please take notice that Robert J. Musso, Chapter 7 trustee ("Trustee") of the estate of Carly Cushnie ("Debtor"), by his attorneys, Rosenberg, Musso & Weiner, LLP, will move this Court before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201, on March 15, 2022 at 10:30 a.m. or as soon thereafter as counsel may be heard, at a hearing to be held telephonically, for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving the stipulation of settlement annexed as Exhibit A between the Trustee and the Debtor. The dial in instructions for the hearing are as follows: Dial in number 888-808-6929, Access Code 8523285. Any persons wishing to attend the hearing should follow the dial in instructions set out above.

      PLEASE TAKE FURTHER NOTICE, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before March 8, 2022 with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served so as to be received by the attorneys for the Trustee, Rosenberg, Musso & Weiner, 26 Court Street, Suite 2211, Brooklyn, New York 11242, Attention: Bruce Weiner, Esq., and on the attorney for the Debtor, Gregory Messer, Esq., 26 Court Street, Suite 2400, Brooklyn, New York 11242, on or before March 8, 2022 at 5:00 p.m. Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's

electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

PLEASE TAKE FURTHER NOTICE, that the failure of any objecting person or entity receiving Notice to file an Objection thereto on a timely basis may be a bar to the assertion of any Objection to the Application.

Dated: Brooklyn, New York
       February 1, 2022

ROSENBERG, MUSSO & WEINER, LLP
Attorneys for the Trustee

By: /s/ _____
Bruce Weiner
26 Court Street, Suite 2211
Brooklyn, New York 11242
(718) 855-6840

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                          Chapter 7
Carly Cushnie,                                                             Case No. 21-41279-ess
                Debtor.
------------------------------------------------------x

## APPLICATION IN SUPPORT OF MOTION
## TO APPROVE SETTLEMENT

Robert J. Musso ("Trustee"), Chapter 7 trustee of the estate of Carly Cushnie ("Debtor") respectfully represents:

## BACKGROUND

1. On May 12, 2021 the Debtor filed a voluntary Chapter 7 petition in this Court.

2. The Debtor is a well known fashion designer who transacted business under an entity knows as Cushnie LLC. The Debtor owned 47.7% of Cushnie LLC. The Debtor and her non-debtor spouse, Oscar B. Cantu own the real property at 294 Herkimer Street, Brooklyn, New York (the "Property"). The Trustee examined the Debtor and he and his counsel reviewed documents concerning the Property and Cushnie LLC and any other potential business interest that the Debtor may have. The Trustee learned that Cushnie LLC filed a chapter 7 case in this Court and scheduled more than $2.9 million in assets. The Trustee and his counsel were contacted by the attorneys for Hilldun Corporation ("Hilldun"). Hilldun's lawyers told the Trustee that Hilldun had a security interest in all of the Debtor's business assets owned by Cushnie LLC and that because Cushnie LLC had defaulted in paying Hilldun, Hilldun conducted a UUC sale of those assets prior to the filings by the Debtor and Cushnie LLC. Hilldun's took the position that the assets belonged to it

and not to the Debtor or Cushnie LLC. Those assets including any trademarks owned by the Debtor or Cushnie LLC. The Trustee and his counsel reviewed the documents supplied by Hilldun's attorneys and discussed those issues with Debtor's counsel. Debtor's counsel showed the Trustee the Debtor's unsuccessful attempts to fight Hilldun and retain her business assets. Consequently, the Trustee does not believe that the Debtor's business interests or assets have any value for the Debtor's estate. The Trustee also examined the Property and whether it could be sold for the benefit of creditors. That examination shows that although there is some non-exempt value in the Property, The Debtor and her spouse live in the Property with two very young children and that as of the date of this motion, the Debtor has little income and pays almost none of the expenses of the Property. In order to sell the Property, the Trustee would need to bring an action pursuant to Section 363(h) against the Debtor's spouse. Because the Debtor's spouse lives at the Property with very young children and because he is paying almost all of the expenses of the Property, the Trustee believes it would be difficult for the Trustee to prevail in any such litigation. The Debtor also scheduled an engagement ring which an appraisal shows is worth approximately $13,000 and scheduled no other significant assets.

3.      It is for these reasons that the Trustee began discussions with Debtor's counsel and after negotiations a settlement was reached. The stipulation of settlement is annexed as Exhibit A.

4.      The stipulation provides that the Debtor shall pay to the Trustee $30,000 (the "Settlement Amount") in full settlement of all claims that the Trustee may have against the Debtor, and in full settlement of the Trustee's interest in the ring and the Property. The Debtor shall pay the Settlement Amount as follows: $5000 upon signing of this Stipulation, $5000 upon entry of an order approving this Stipulation, and four payments of $5000 commencing thirty (30) days after

Court approval of this Stipulation and continuing monthly until the Settlement Amount is paid in full. The Trustee received the first $5000 payment. The Trustee accepted the Settlement Amount because in his business judgment, the settlement will bring more money into the estate than an action against the Debtor's spouse to force the sale of the Property. The Trustee believes that under the facts of this case, the Trustee would have difficulty proving that the benefit to the estate would outweigh the detriment to the non-debtor spouse under the standards for proving such a case which require the court to use both economic and non-economic factors. Because the non-debtor spouse lives at the Property with very young children and because he is paying most of the expenses of the Property, the Trustee believes that there is a real risk that he would not prevail and even if he were to prevail, there would be costs and risks of sale. The Trustee believes that there is approximately $600,000 in equity in the Property before her spouse's share and before her homestead exemption. Given the risks and costs of litigation, the Trustee believes that the Settlement Amount is greater than what would be obtained from an action against the Debtor's spouse. The Trustee has seen documents that show that the Debtor lost her business assets and was unsuccessful in her attempts to hold on to those assets. The Settlement Amount is more than the value of the ring and without the costs and risks of sale. It is for those reasons that the Trustee accepted the Debtor's offer of the Settlement Amount which will allow the Trustee to make a distribution to creditors. The Trustee submits that the Stipulation does not fall below the lowest point of reasonableness and should be approved.

## BASIS FOR THE RELIEF REQUESTED

5.Federal Rule of Bankruptcy Procedure 9019 (a) permits this Court to approve a compromise or settlement. The Rule provides:

> (a) Compromise. On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

Neither Rule 9019 nor any other section of the Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. However, the standards for approval of settlements in bankruptcy cases are well established in precedent, focusing upon whether the proposed settlement is reasonable and in the best interests of creditors. In <u>Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, <u>reh'g denied</u>, 391 U.S. 909 (1968), the seminal case on approval of settlements in bankruptcy cases, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating,

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has appraised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

Id., 309 U.S. at 424 (citations omitted).

6. The United States Court of Appeals for the Second Circuit has stated that the responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the statement 'fall(s) below the lowest point in the range of reasonableness.'" <u>In re W.T. Grant Co.</u>, 699 F.2d 599, 608 (2d Cir. 1983) <u>cert.</u>

denied sub nom. Cosoff v. Rodman, 464 U.S. 822 (1983). See, Nellis v. Shugrue, 165 B.R. 115, 121-22 (S.D.N.Y. 1994); In re Purofield Down Products Corp., 150 B.R. 519, 522-23 (S.D.N.Y. 1993); In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 287 (Bankr. S.D.N.Y. 1990); In re Carla Leather, Inc., 44 B.R. 457, 470 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1984). The assessment of a settlement only requires identification of the issues in controversy "so that the bounds of reasonableness can be seen with some clarity." Carla Leather, 44 B.R. at 470.

7. In considering a proposed settlement, the court should be guided by a lenient standard, consistent with the theory that "little would be saved by the settlement process if (in order to approve a settlement) bankruptcy courts (were required to conduct)... an exhaustive investigation and determination of the underlying claims" in order to approve a settlement. Purofield Down Products, 150 B.R. at 522.

8. In deciding whether a proposed compromise is fair and equitable, reasonable, and in the best interests of creditors, courts in the Second Circuit follow the analysis first articulated by the Supreme Court in Anderson, as developed and applied by the case law. Thus, courts judge a proposed settlement based upon a consideration of some or all of the following factors:

(i) the relative benefits to be received by creditors under the proposed settlement;

(ii) the likelihood of success in the litigation compared to the present and future benefits offered by the proposed settlement;

(iii) the prospect of complex and protracted litigation if settlement is not approved;

(iv) the attendant expense, inconvenience and delay of litigation;

(v) the probable difficulties of collecting on any judgment that might be obtained;

(vi) the competency and experience of counsel who support the proposed settlement;

   (vii) the extent to which the settlement is the product of arm's length bargaining, and not the product of fraud or collusion;

   (viii) the nature and breadth of any releases to be issued as a result of the proposed settlement; and

   (ix) the paramount interest of the creditors and proper deference to their reasonable views.

See City of Detroit v. Ginnell Corp., 495 F.2d 448, 463 (2d Cir. 1974); In re Ionosphere Clubs, Inc., 156 B.R. 414, 427 (S.D.N.Y. 1993); Purofield Down Products, 150 B.R. at 522; International Distribution Centers, 103 B.R. at 422; In re Fugazy, 150 B.R. 103, 106 (Bankr. S.D.N.Y. 1993); Drexel I, 134 B.R. at 497; In re Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 506 (Bankr. S.D.N.Y. 1991) ("Drexel II); Crowthers McCall, 120 B.R. at 287; Texaco, 84 B.R. at 901: In re Lion Capital Group, Inc., 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985); Carla Leather, 44 B.R. at 466; Marshall v. Stein, 33 B.R. at 43; In re W.T. Grant Co., 4 B.R. 53, 69 (Bankr. S.D.N.Y.) aff'd, 699 F.2d 599 (2d Cir. 1983), cert. denied sub nom.

9. The Trustee respectfully submits that application of the relevant factors to this case shows that the settlement falls above the lowest point in the range of reasonableness and should be approved as fair and equitable.

10. The settlement is the product of arms-length negotiations between the Trustee and experienced and competent counsel and is not the product of fraud or collusion.

11. The Trustee submits that the best interest of this estate will be served by approval of the settlement. The Trustee's primary duties are to marshal, liquidate, preserve, and distribute assets of the estate for the benefit of creditors. The Trustee must fulfill these responsibilities expeditiously and in a cost effective manner. Approval of the settlement means that the estate will realize $30,000

without the costs and risks of litigation and the costs and risks of sale. Accordingly, the Trustee respectfully submits that the Settlement is fair and reasonable and should be approved.

12. A proposed order approving the settlement is annexed as Exhibit B.

WHEREFORE, the Trustee respectfully requests that this Court approve the settlement between the Trustee and the Debtor, and grant such further relief as is just and proper.

| | |
|---|---|
| Dated: Brooklyn, New York<br>February 1, 2022 | ROSENBERG, MUSSO & WEINER, LLP<br>Attorneys for the Trustee<br><br>By:___/s/_____<br>Bruce Weiner<br>26 Court Street, Suite 2211<br>Brooklyn, New York 11242<br>(718) 855-6840 |